Rex v. Kaimano.

Honolulu, July 9th, 1874.

## SUPREME COURT—IN BANCO.

### JULY TERM—1874.

*Allen, Ch. J., Harris and Judd, J. J.*

### REX vs. KAIMANO.

THE general statute concerning ATTEMPTS, Chapter XLIV, Penal Code, is of the same force when applied to any offense as if it were especially enacted in the statute creating such offense.

Chief Justice ALLEN delivered the opinion of the Court.

This is a case of appeal from the judgment of the Police Court in Honolulu.

The defendant is charged with an attempt to have sexual intercourse with one Nakealele, a girl under 14 years of age, and the question is whether this is an offense recognized by our Code. The Code is in these words:

"Section 1. An attempt to commit an offense, is some act done towards committing, and in part execution of the intent to commit the same; as, for example, putting poison in the way of a person with intent thereby to murder him.

"Section 2. A mere preparation of the means of committing any offense, nothing being done in execution of the intent to commit the same; as, for example, merely procuring poison intended to be used for murder."

There are some nice distinctions made by legal writers of the general doctrine embraced in the law of attempt, but nothing can be more explicit than the foregoing definition, and it is a guide in making the charge for an attempt to commit any offense. It is very clear that acts may be done in part execution of the intent to commit the offense of sexual intercourse as charged.

The counsel for the defense contends, that the act, which makes sexual intercourse with a female under the age of 14 years an offense, does not make the attempt to have that intercourse an offense, and therefore it is not an offense at law. But the Court are of opinion that the general statute referred to is of the same force as if especially enacted in any penal law.

In case of indictment for larceny, Commonwealth *vs.* McDonald, 5 Cush., 365, Mr. Justice Fletcher says, "that a man may make an attempt, an effort, a trial to steal by breaking open a trunk, and be disappointed in not finding the object of pursuit and so not steal in fact, still, he remains nevertheless chargeable with the attempt and with the act done toward the commission of the theft. So, a man may make an attempt to pick a pocket, by thrusting his hand into it, and not succeed because there happens to be nothing in the pocket, still he has clearly made the attempt and done the act towards the commission of the offense: And it is as mnch within the terms and meaning of the statute, if it failed by reason of there being nothing in the pocket as if it had failed from any other cause."

The Court are therefore of opinion that the charge is legally made, and that it is a proper matter for a jury to pass upon.

L. McCully, Deputy Attorney General for the Crown.

W. C. Jones for defendant.